IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA TANKESLY, as personal representative
of JAMES TANKESLY, deceased.

       Plaintiff,

vs.                                        Case No. 2:18-cv-00996 JCH/KRS
                                                 JURY DEMANDED

J.C. PENNEY CORPORATION, INC.

       Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 5, 2018 and was attended by:

Samuel I. Kane, Kane Law Firm, for Plaintiff Gloria Tankesly, as personal representative of James Tankesly, deceased.

Nathan H. Mann and Harriett J. Hickman, Gallagher, Casados & Mann, PC, for Defendant J.C. Penney Corporation, Inc.

## NATURE OF THE CASE

This is a personal injury matter arising from an incident at the Defendant J.C. Penney Corporation, Inc. (hereinafter "JCP) store located at the Cottonwood Mall in Albuquerque, New Mexico on February 21, 2016. Plaintiff asserts claims for negligence against JCP for injuries decedent, James Tankesly, allegedly sustained as a result of the incident.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Unknown at this time, but reserves the right to add necessary parties, or theories of recovery, should discovery so dictate.

Plaintiff(s) should be allowed until January 30, 2019 to move to amend the pleadings and until January 30, 2019 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: Unknown at this time.

Defendants(s) should be allowed until February 28, 2019 to move to amend the pleadings and until February 28, 2019 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Plaintiff, Gloria Tankesly, is a resident of Dona Ana County, State of New Mexico.

2. Defendant JCP is a corporation that operates a store located in the Cottonwood Mall, Albuquerque, New Mexico.

3. On February 21, 2016, James Tankesly was a customer in the JCP store located in the Cottonwood Mall, Albuquerque, New Mexico.

4. On February 21, 2016, James Tankesly was operating and riding in an electric wheelchair in the JCP store.

The parties further stipulate and agree that the law governing this case is: Law of the State of New Mexico.

## PLAINTIFF'S CONTENTIONS:

This action arises out of Plaintiff/Decedent shopping at Defendant JC Penney, a department store. Employees of Defendant had placed clothing items on a metal/aluminum rack directly centering a common walkway within the department store. Plaintiff/Decedent entered the store, traveling on an electric wheelchair and tried to negotiate a turn around the clothing rack, when the corner of said clothing rack caught his leg, causing a significant gash thereon. The clothing rack caused serious personal injury to Plaintiff/Decedent. Plaintiff/Decedent contends that he was an invitee at Defendant's store. Plaintiff/Decedent contends that Defendant had an actual or constructive notice that the clothing racks posed a dangerous and hazardous condition that could lead to serious bodily injuries, as it restricted travel through the common walkway, especially for handicapped individuals. Plaintiff/Decedent contends that he was improperly warned by Defendant of the hazardous condition. Plaintiff/Decedent contends that Defendant failed to take any reasonable step to prevent the hazardous and dangerous condition. Plaintiff/Decedent contends that Defendant had a duty to maintain its business premises in a reasonably safe condition, a duty to take steps reasonably calculated to remove the hazardous and dangerous condition, and a duty to warn of the hazardous and dangerous condition. Finally, Plaintiff/Decedent contends that Defendant breached their duty and based on this negligence caused the personal injury to him and should be held liable for all losses and damages.

## DEFENDANT'S CONTENTIONS:

Mr. Tankesly, while operating his electric wheelchair, ran into a table in plain sight that did not have any sharp edges or other dangerous condition. Defendant JCP denies Plaintiff's allegations of liability and damages set forth in her Complaint for Personal Injuries. Any purported damages by Plaintiff were the result of James Tankesly's own negligence and/or conduct, acts or omissions, which conduct either bars Plaintiff's claims or reduces her claims in

an amount to be determined at trial. The injuries and damages alleged were the result of the negligence or wrongdoing of others. The injuries and damages alleged were the result of unavoidable medical complications. If Mr. Tankesly was injured as alleged, Plaintiff's injuries and damages were not reasonably foreseeable. Plaintiff has failed to mitigate her damages, thereby barring or reducing such damages.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

### Plaintiff Gloria Tankesly Witnesses

1. **Gloria Tankesly**
   c/o Samuel I. Kane
   Kane Law Firm
   1018 E. Amador
   Las Cruces, NM 88001
   (575) 647-5264

Gloria Tankesly, Mr. Tankesly's daughter, may testify concerning her first-hand observations of the subject incident.

2. **Maria Tankesly**
   c/o Samuel I. Kane
   Kane Law Firm
   1018 E. Amador
   Las Cruces, NM 88001
   (575) 647-5264

Maria Tankesly, Mr. Tankesly's surviving spouse, may testify concerning her observations of the subject incident. Ms. Tankesly may also testify regarding Mr. Tankesly's injuries.

3. **Jennifer Marie**
   c/o Samuel I. Kane
   Kane Law Firm
   1018 E. Amador
   Las Cruces, NM 88001
   (575) 647-5264

Jennifer, Mr. Tankesly's granddaughter, may testify concerning her observations of the subject incident.

4. **Andrea Groves**
   c/o Gallagher, Casados & Mann, PC
   4101 Indian School Rd. NE, Suite 200N
   Albuquerque, NM 87110
   (505) 243-7848

Ms. Groves, the Human Resources Officer at the JCP store, may testify concerning her knowledge of the subject incident and her preparation of the incident report.

5. **Amanda Slavin**
   c/o Gallagher, Casados & Mann, PC
   4101 Indian School Rd. NE, Suite 200N
   Albuquerque, NM 87110
   (505) 243-7848

Ms. Slavin, a JCP store associate, may testify concerning her knowledge of the subject incident.

6. **Juan Bravo**
   c/o Gallagher, Casados & Mann, PC
   4101 Indian School Rd. NE, Suite 200N
   Albuquerque, NM 87110
   (505) 243-7848

Mr. Bravo, the JCP Loss Prevention Manager, may testify concerning his knowledge of the subject incident.

7. **Matthew Curry**
   c/o Gallagher, Casados & Mann, PC
   4101 Indian School Rd. NE, Suite 200N
   Albuquerque, NM 87110
   (505) 243-7848

Mr. Curry, the JCP Store Manager, may testify concerning his knowledge of the subject incident.

8. Any witness identified in the course of discovery.

9. Any witness identified by any other party.

10. Discovery has just begun and investigation continues. Plaintiff further reserves the right to supplement this listing.

### Plaintiff's Exhibits

1. Medical records and billing for James Tankesly

2. Discovery has just begun and investigation continues. Plaintiff further reserves the right to supplement this listing.

### Plaintiff's Experts

Plaintiff has not yet determined what expert witnesses she may call at trial, and reserves the right to supplement this listing as discovery progresses.

### Defendant JCP's Witnesses

1. **Gloria Tankesly**
   c/o Samuel I. Kane
   Kane Law Firm
   1018 E. Amador
   Las Cruces, NM 88001
   (575) 647-5264

Gloria Tankesly, Mr. Tankesly's daughter, may testify concerning her observations of the subject incident.

2. **Maria Tankesly**
   c/o Samuel I. Kane
   Kane Law Firm
   1018 E. Amador
   Las Cruces, NM 88001
   (575) 647-5264

Maria Tankesly, Mr. Tankesly's wife, may testify concerning her observations of the subject incident. Ms. Tankesly may also testify regarding Mr. Tankesly's injuries.

3. **Jennifer Marie**
   c/o Samuel I. Kane
   Kane Law Firm
   1018 E. Amador
   Las Cruces, NM 88001
   (575) 647-5264

Jennifer, Mr. Tankesly's granddaughter, may testify concerning her observations of the subject incident.

    4. **Andrea Groves**
       c/o Gallagher, Casados & Mann, PC
       4101 Indian School Rd. NE, Suite 200N
       Albuquerque, NM 87110
       (505) 243-7848

Ms. Groves, the Human Resources Officer at the JCP store, may testify concerning her knowledge of the subject incident and her preparation of the incident report.

    5. **Amanda Slavin**
       c/o Gallagher, Casados & Mann, PC
       4101 Indian School Rd. NE, Suite 200N
       Albuquerque, NM 87110
       (505) 243-7848

Ms. Slavin, a JCP store associate, may testify concerning her knowledge of the subject incident.

    6. **Juan Bravo**
       c/o Gallagher, Casados & Mann, PC
       4101 Indian School Rd. NE, Suite 200N
       Albuquerque, NM 87110
       (505) 243-7848

Mr. Bravo, the JCP Loss Prevention Manager, may testify concerning his knowledge of the subject incident.

    7. **Matthew Curry**
       c/o Gallagher, Casados & Mann, PC
       4101 Indian School Rd. NE, Suite 200N
       Albuquerque, NM 87110
       (505) 243-7848

Mr. Curry, the JCP Store Manager, may testify concerning his knowledge of the subject incident.

    8. Any witness identified in the course of discovery.

    9. Any witness identified by any other party.

    10. Discovery has just begun and investigation continues. Defendant JCP reserves the right to supplement this listing.

**Defendant JCP's Exhibits**

1. JCP Incident Report

2. Surveillance video of the subject incident

3. Medical records and billing for James Tankesly

4. Death Certificate for James Tankesly

5. Discovery has just begun and investigation continues. Defendant JCP reserves the right to supplement this listing.

**Defendant JCP's Experts**

Defendant JCP has not yet determined what expert witnesses it may call at trial, and reserves the right to supplement this listing as discovery progresses and to identify expert witnesses regarding its alleged liability and Plaintiff's alleged damages.

Discovery will be needed on the following subjects: Liability and Damages

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of _____) limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by April 15, 2019

    from Defendant(s) by May 15, 2019

Supplementation under Rule 26(e) due in accordance with Rule 26(e) *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by July 16, 2019. Discovery on *(issue for early discovery)* to be completed by _____.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Expert challenges, dispositive motions and motions in limine

Defendant intends to file: Expert challenges, dispositive motions and motions in limine

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days/weeks.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference one month prior to trial.

## SETTLEMENT

The possibility of settlement in this case is considered fair. The parties request a settlement conference by June 16, 2019.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

Approved via e-mail December 20, 2018
For Plaintiff
Samuel I. Kane

_____
For Defendant
Nathan H. Mann
Harriett J. Hickman

9